1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF WASHINGTON
8
   DAVID E. RIGGS,              )
9                              ) No. CV-08-0187-CI
          Plaintiff,           )
10                             ) ORDER DENYING PLAINTIFF'S
   v.                          ) MOTION FOR SUMMARY JUDGMENT,
11                             ) DENYING PLAINTIFF'S MOTION TO
   MICHAEL J. ASTRUE,          ) SUBMIT ADDITIONAL MEDICAL
12 Commissioner of Social      ) RECORDS AND GRANTING
   Security,                   ) DEFENDANT'S MOTION FOR SUMMARY
13                             ) JUDGMENT
          Defendant.           )
14 ─────────────────────────── )

15      BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.

16 Rec. 14, 22.)  Also before the court is Plaintiff's Motion to Submit

17 Additional Medical Records.   (Ct. Rec. 16.)   The parties have

18 consented to proceed before a magistrate judge.   (Ct. Rec. 7.)

19 Attorney Jeffrey Schwab represents Plaintiff; Special Assistant

20 United States Attorney Richard Morris represents Defendant.  After

21 reviewing the administrative record and briefs filed by the parties,

22 the court **DENIES** Plaintiff's Motion to file additional medical

23 records and Motion for Summary Judgment, **GRANTS** Defendant's Motion

24 for Summary Judgment, and directs entry of judgment in favor of

25 Defendant.

26      Plaintiff protectively filed for disability insurance benefits

27 on October 12, 2005, alleging an onset date August 30, 2005.  (Tr.

28 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
   DENYING PLAINTIFF'S MOTION TO SUBMIT
   ADDITIONAL MEDICAL RECORDS AND GRANTING
   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  80, 62.)  He claims disability due to back, leg and neck pain. He
2  also alleges left knee, left arm and left shoulder pain.  (Tr. 37,
3  74, 82, 100.)  Following a denial of benefits and reconsideration,
4  a hearing was held before Administrative Law Judge (ALJ) Richard Say
5  on January 17, 2008.  (Tr. 269-90.)  Plaintiff, who was represented
6  by counsel, and vocational expert Debra LaPoint, testified.    The
7  ALJ denied benefits on February 12, 2008.  (Tr. 12-22.)  On April
8  10, 2008, Plaintiff's representative submitted a Request for Review
9  of the ALJ's hearing decision and a memorandum in support of review
10 to the Appeals Council.  Plaintiff did not submit additional medical
11 records to the Appeals Council.  (Tr. 7-8, 259-67.)  Review was
12 denied by the Appeals Council on May 9, 2008.  (Tr. 4-7.)  Plaintiff
13 filed an appeal in this court on June 12, 2008.  ( Ct. Rec. 1.)  On
14 or about July 30, 2008, the Social Security Administration filed the
15 Administrative Record for this case in paper format. (Ct. Rec. 11.)
16 On October 6, 2008, Plaintiff filed his Motion for Summary Judgment.
17 (Ct. Rec. 14.) On October 7, 2008, Plaintiff filed the motion to
18 file additional medical records.  (Ct. Rec. 16.)  A cover letter to
19 the Office of Hearings and Appeals in Spokane, Washington and the
20 additional records were filed as Exhibit A to the motion.  (*Id.* at
21 5-92.)  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

22                        **STATEMENT OF FACTS**

23     The detailed facts of the case are found in the transcript of
24 proceedings and are briefly summarized here.  At the time of the
25 hearing, Plaintiff was 44 years old, had an 11th grade education and
26 a high school equivalency degree. (Tr. 271.)  He was unmarried and
27 lived with his fiancé and her three children in a house.  Plaintiff

28 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
   DENYING PLAINTIFF'S MOTION TO SUBMIT
   ADDITIONAL MEDICAL RECORDS AND GRANTING
   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

had a long history of past relevant work as a printing pressman, which is classified as heavy work. (Tr. 90, 286.) At the time of his hearing, Plaintiff was working part-time as a home care provider for his fiancé who was hearing impaired and mentally handicapped. (Tr. 273, 276.) Plaintiff testified he could lift 15 to 20 pounds without pain, sit for about 20 minutes, stand 20 to 30 minutes and climb stairs. He did not know how far he could walk. (Tr. 277-78.) He stated weakness in his left hand made it difficult for him to hold on to things. (Tr. 278.) He reported he had been on depression medication for about one year, but had not gotten into counseling yet. (Tr. 278.) He stated he has had serious headaches for 20 years. (Tr. 284.) His activities of daily living included shopping and putting groceries away, vacuuming, cooking, driving, helping the children with home work, some fishing and visiting friends. He testified the oldest child did the yard work. (Tr. 275, 277, 279-80, 283.) He stated he cannot work due to problems with his lower back, left hand, arm and leg, and headache pain. (Tr. 273.)

### ADMINISTRATIVE DECISION

The ALJ found Plaintiff met DIB insured status requirements through December 31, 2010. (Tr. 14.) At step one of the sequential evaluation, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (*Id.*) At step two, he found Plaintiff had the severe impairments of "degenerative disc disease and tendinitis of the left upper extremity." (*Id.*) The ALJ determined depression, headaches and carpal tunnel syndrome were not severe impairments. (Tr. 17-18.)

1  At step three, he found Plaintiff's severe impairments alone or in

2  combination did not meet the requirements of 20 C.F.R. Part 404,

3  Subp. P, Appendix 1 (Listings).  (Tr. 18.)   The ALJ found

4  Plaintiff's subjective symptom complaints were not entirely

5  credible.  (Tr. 20.)  At step four, ALJ Say made the following

6  residual functional capacity (RFC) determination:

7        [C]laimant has the residual functional capacity to perform
          light work except he would need to change positions every
8         45-60 minutes.  He can only occasionally climb ramps or
          stairs and should not climb ladders or scaffolds.  He can
9         occasionally engage in stooping, crouching, crawling,
          kneeling, or balancing.   He can frequently reach,
10        including overhead, and handle with the left upper
          extremity.  He should avoid hazards such as heights and
11        moving machinery.  He should avoid industrial vibration.
          He takes medication for symptoms to include mild to
12        moderate chronic pain, but is able to remain attentive,
          responsive, and reasonably alert to perform required job
13        functions.

14  (Tr. 18.)

15       Based on the record and testimony from a vocational expert, the

16  ALJ determined Plaintiff could not perform past relevant work.  (Tr.

17  21.)  At the hearing, the ALJ propounded a hypothetical question to

18  vocational expert Deborah N. Lapoint, which included the RFC

19  limitations listed above.  (Tr. 287-88.)   The vocational expert

20  testified there were jobs available the Plaintiff could perform,

21  including cashier II, cafeteria attendant, and parking lot

22  attendant. (Tr. 289.)  At step five, the ALJ found Plaintiff could

23  perform other work in the regional and national economy and

24  therefore was not under at "disability" as defined by the Social

25  Security Act.  (Tr. 21-22.)

26                          **STANDARD OF REVIEW**

27       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

28  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
    DENYING PLAINTIFF'S MOTION TO SUBMIT
    ADDITIONAL MEDICAL RECORDS AND GRANTING
    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL EVALUATION PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL MEDICAL RECORDS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1    In evaluating whether a claimant suffers from a
2 disability, an ALJ must apply a five-step sequential
  inquiry addressing both components of the definition,
3 until a question is answered affirmatively or negatively
  in such a way that an ultimate determination can be made.
4 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
  claimant bears the burden of proving that [s]he is
5 disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
  1999). This requires the presentation of "complete and
6 detailed objective medical reports of h[is] condition from
  licensed medical professionals." *Id.* (citing 20 C.F.R. §§
7 404.1512(a)-(b), 404.1513(d)).

8                              **ISSUES**

9    The question presented is whether there was substantial

10 evidence to support the ALJ's decision denying benefits and, if so,

11 whether that decision was based on proper legal standards.

12 Specifically, Plaintiff asserts the ALJ erred when he (1) found

13 Plaintiff's mental impairments were not severe; 2) found Plaintiff's

14 impairments did not meet or equal the Listings at step three; (3)

15 did not obtain medical expert testimony; (4) failed to fully develop

16 the record by ordering a psychological evaluation; (5) found

17 Plaintiff was not credible; and (6) improperly relied on medical

18 reports related to his workers compensation claim. (Ct. Rec. 15 at

19 4-8.) By separate motion, Plaintiff requests additional medical

20 records which were not considered by the ALJ or the Appeals Council,

21 be included in the record. (Ct. Rec. 16.) Defendant responds that

22 the ALJ's decision is supported by substantial evidence and free of

23 legal error. He also objects to admission of the additional records

24 because they do not meet the standard under 42 U.S.C. § 405 (g).

25 (Ct. Rec. 23.)

26                            **DISCUSSION**

27 **A.   New Evidence**

28 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
   DENYING PLAINTIFF'S MOTION TO SUBMIT
   ADDITIONAL MEDICAL RECORDS AND GRANTING
   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

1    If new evidence submitted by Plaintiff after the ALJ has
2  rendered his decision is considered by the Appeals Council, it
3  becomes part of the record on *de novo* review by district court.
4  *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993)  Where, as
5  here, the new evidence was neither considered by the ALJ nor the
6  Appeals Council, the district court may remand the case for review
7  by the ALJ if (1) the evidence is new and material, and (2) there is
8  good cause why it was not previously presented to the ALJ.    42
9  U.S.C. 405(g); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001);
10  *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th
11  Cir. 1984).    Remand for consideration of new evidence is only
12  appropriate if the new evidence shows there is a reasonable
13  possibility that it would change the outcome of the ALJ's
14  determination. *Mayes*, 276 F.3d at 462.

15    Plaintiff's representative mailed the records at issue to the
16  hearings office the day before Notice of the ALJ's unfavorable
17  decision was mailed, and there is no mention of the new records
18  dated 1998-2003, in the ALJ's summary of the medical evidence. (Ct.
19  Rec. 16 at 5; Tr. 9, 14-18.)  Therefore, it is apparent the ALJ did
20  not receive the additional records prior to rendering his decision.
21  Furthermore, Plaintiff's representative did not include the
22  additional records in his Request for Review to the Appeals Council.
23  (Tr. 8, 259-67.)  Since there is no reference to additional medical
24  records submitted after the ALJ decision in the Notice of Appeals
25  Council Action, (Tr. 4-7), the Appeals Council did not consider the
26  newly submitted medical records now before this court.  The court
27  has reviewed the new evidence to determine if it meets the standards
28  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION TO SUBMIT
ADDITIONAL MEDICAL RECORDS AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

under 42 U.S.C. § 405 (g), and if so, whether remand for consideration by the ALJ is appropriate.

The new evidence includes records from East Wenatchee Clinic (EWC) and Wenatchee Valley Clinic (WVC), dated from 1998 to January 2008. (Ct. Rec. 16 at 6-92.) Records from 1998 to 2003 address medical treatment unrelated to Plaintiff's claim. A number of the records are duplicates of transcript records. [1] The remaining records do not provide new, material information regarding Plaintiff's condition. *Mayes*, 276 F.3d at 462; *Booz*, 734 F.2d at 1381 ("material" evidence bears "directly and substantially on the matter in dispute" and there is a "reasonable possibility" that it would have changed the ALJ's decision).

For example, the newly submitted EWC treatment notes, dated August 2005 through May 2007, show Plaintiff was treated for routine health problems and chronic pain. (Ct. Rec. 16 at 58-68.) The EWC records dated from May 2005 to May 1, 2007, show treating physician Michael Abbott, M.D. (who is a treating physician in records before the ALJ) noted Plaintiff's ongoing self-report of moderate distress from back, shoulder and arm pain, treated with narcotic pain killers. (*Id.* at 43-67.) In May 2007, Dr. Abbott reported

---

[1] The transcript of proceedings reviewed by the ALJ and the Appeals Council includes medical records from Wenatchee Valley Hospital, EWC, WVC, and Wenatchee Valley Medical Center, dated May 2005 through November 2007. (*See* Tr. 14-18, 122-228, 251-257.) In addition, there is an independent medical examination report dated March 2007. (Tr. 235-244.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL MEDICAL RECORDS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

Plaintiff's workers compensation claim was closed and noted Plaintiff's complaints of depression and anxiety. He opined Plaintiff would be stable enough in 90 days to start job training. He also indicated Plaintiff was going to apply for unemployment benefits. (*Id.* at 68.) In June 2007, Plaintiff was unwilling to take anti-depressants, but in July 2007, he started depression medication which he reported was working well in August 2007. [2] *(Id.* at 69-71.) Treatment notes from October 2007, show Plaintiff reported working 65 hours per month as a home care provider, consistent with the ALJ's findings. (*Id.* at 74, Tr. 12.) In November 2007, Plaintiff reported pain-related depression and Dr. Abbott increased his anti-depression dosage. (Ct. Rec. 16 at 76.) In December 2008, Plaintiff reported being advised by his attorney to get counseling for his increasing depression and anger; Dr. Abbot wrote a referral for a mental health evaluation and indicated Plaintiff would call for an appointment. (*Id.* at 77.) On January 18, 2008, Dr. Abbott observed Plaintiff's trouble bending over to pick up an object on the floor, noted moderate distress due to chronic pain and refilled narcotic pain medication; he also had Plaintiff sign a pain contract. (*Id.* at 78.)

The new "material" records from WVC include an imaging report of Plaintiff's lumbar spine at the time of his industrial injury showing normal disc space and no abnormalities. (*Id.* at 82-90.) An

---

[2] It is noted on review that this new treating physician record conflicts with Plaintiff's January 17, 2008, testimony that he had been taking depression medication for one year. (Tr. 278.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION TO SUBMIT
ADDITIONAL MEDICAL RECORDS AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

1  October 2005 imaging report showed a normal kidney. (*Id*. 91.)

2       It appears that all but the January 18, 2008, record from Dr.

3  Abbott was available for submission prior to or at the ALJ hearing

4  on January 17, 2008. Plaintiff has not shown good cause for not

5  presenting these records to the ALJ prior to the hearing. Plaintiff

6  did not object to the record as described by the ALJ at the hearing,

7  did not request extra time to submit records after the hearing, and

8  did not contest evidence reviewed by the Appeals Council. (Tr. 4-7,

9  270.)

10       Even if good cause for Plaintiff's failure to present the new

11  evidence to the ALJ were established, the new records that relate to

12  the period at issue contain no evidence that would raise a

13  reasonable possibility that the outcome would change if the evidence

14  were remanded to the ALJ for consideration. The reports of pain,

15  treatment, and imaging results are consistent with the reports

16  reviewed by the ALJ before rendering his decision. Contrary to

17  Plaintiff's argument, the ALJ considered Plaintiff's hearing

18  testimony, and noted he was taking antidepressants but not engaging

19  in counseling, before he found depression caused no more than a

20  minimal effect on Plaintiff's ability to work. (Tr. 17, 278.) The

21  new evidence supports this finding. [3] (Ct. Rec. 16 at 71, 74, 77.)

22       The new evidence does not meet the standard under 42 U.S.C. §

23  405 (g); therefore, remand for consideration by the Commissioner of

24  _____

25       [3]   *See infra* at Section B.2. for further discussion of

26  Plaintiff's objections to the ALJ's findings regarding depression.

27

28  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
    DENYING PLAINTIFF'S MOTION TO SUBMIT
    ADDITIONAL MEDICAL RECORDS AND GRANTING
    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

this evidence is not warranted.  Plaintiff's motion for leave to submit additional medical records is **DENIED**.

**B.    Step Three Evaluation**

At step three of the sequential evaluation, the Commissioner must determine if Plaintiff's severe impairments, alone and in combination, meet or equal a Listing.  The Listings were promulgated by the Commissioner to describe various illnesses and abnormalities, categorized by the various body systems, that are considered severe enough to prevent substantial gainful activity "regardless of age, education or work experience."   20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990).  The claimant has the burden of proof at step three.  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  To show he meets a Listing, the claimant must establish that he meets each criteria of the listed impairment relevant to his claim.  *Sullivan*, 493 U.S. at 531.  If a claimant's impairments do not meet the Listing exactly, a finding of "disabled" may be appropriate if his impairments in combination "equal" a Listing.  To prove that he "equals" a Listing, "a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment."  *Tackett*, 180 F.3d at 1099 (*quoting* 20 C.F.R. § 404.1526).  That is to say, evidence of other significant objective medical findings, along with a cogent argument, must be presented to raise presumption of disability at step three.  *See e.g. Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990) ().   Absent significant medical evidence of the requisite criteria and a plausible theory

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL MEDICAL RECORDS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

the ALJ is not required to explain why equivalency is not established. *Gonzalez v. Sullivan*, 914 F.2d 1194, 1201 (9th Cir. 1990).

1.   <u>Musculoskeletal Listings</u>

Plaintiff argues he meets or equals Listing 1.04A, which describes disabling spine disorders. [4]   He also contends the ALJ erred when he failed to consider Plaintiff's mental health impairments in his step three evaluation.   He argues the ALJ should

---

[4]  Listing 1.04 is as follows:

1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitations of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness and resulting in inability to ambulate effectively as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, 104.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL MEDICAL RECORDS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

have developed the record further by ordering a psychological consultative examination and obtaining medical expert testimony on the issue of equivalency. (Ct. Rec. 15 at 4.)

At the hearing, Plaintiff's representative referenced exhibits admitted at the hearing and argued the documented low back problems showed "functional weaknesses" that supported a finding that his impairments met or equaled Listing 1.04A. (Tr. 270-71.) In his memorandum in support of summary judgment, Plaintiff cites sections of medical reports that note limited range of motion, positive straight leg raise test, complaints of lower extremity weakness and pain. (Ct. Rec. 15 at 6-7.) However, it is not sufficient to assert generalized functional limitations or rely on subjective symptoms to satisfy the step three burden. *Tacket*t, 180 F.3d at 1099. "Medical equivalence must be based on medical findings." 20 C.F.R. § 404.1526. Plaintiff also references a June 2005, MRI that showed "evidence of mild disk degeneration and a left paracentral and lateral disk bulge," associated with "very mild foraminal narrowing;" and an August 2005 "EMG that suggested possible involvement of the L4-L5 nerve root." (Tr. 195, 212.) However, other evidence in the record indicates the June 2005 MRI results were reviewed by Alfred Higgins, M.D., neurosurgeon, who found "no evidence of significant neural impingement at any level of the lumbar spine and this is considered essentially a normal MRI scan." Dr. Higgins opined there were no structural anatomic abnormalities and there was no need for surgical intervention. (Tr. 168, 213-14.) As noted by the ALJ in his review of the entire medical record,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL MEDICAL RECORDS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

Plaintiff was working full-time at restricted (light) duty in June 2005. (Tr. 15.) His treatment providers considered his condition "fixed and stable." (Tr. 200.)

An April 21, 2006, MRI study showed a stable-appearing lumbar spine with no significant abnormalities, and mild narrowing at the L4-L5, with some disk protrusion. There was no evidence of nerve root impingement. (Tr. 239.) Finally, a MRI radiology report dated July 30, 2007, indicated a "mild degree of disc space narrowing" at L4-L5, but otherwise, the lumbar spine was within normal limits. Nerve root compression was not indicated. (Tr. 251-52.) In December 2006, treating physician Stephen Huffman, M.D., opined Plaintiff could work at the cashier II job category. [5] (Tr. 234.) Plaintiff points to no medical evidence that establishes nerve root compression (an essential criterion in Listing 1.04A) that lasted or was expected to last 12 months and offers no cogent theory as to how his condition otherwise equals Listing 1.04A. The ALJ's finding that Plaintiff's back impairment does not meet or equal Listing criteria is supported by substantial evidence in the record.

2.    Impairments in Combination

Plaintiff appears to argue the ALJ's finding at step two that his depression was not severe and his failure to consider depression in combination with his back impairment at step three were legal

---

[5]    Plaintiff's objection to physician work releases is discussed below at Section E.

error.  He asserts his impairments in combination equal a Listing. (Ct Rec. 15 at 6.)   This argument is unsupported by the evidence. As stated in the Commissioner's policy Ruling, "The mere accumulation of a number of impairments will not establish medical equivalency. In no case are symptoms alone a sufficient basis for establishing the presence of a physical or mental impairment." *Social Security Ruling* (*SSR*) 86-8 at *4.

Contrary to Plaintiff's assertions, the ALJ's finding that depression was not a severe impairment is supported by substantial evidence.   As is the case at step three, Plaintiff has the burden of proof at step two.  The ALJ discussed Plaintiff's depression at step two.  As mentioned above, he specifically noted Plaintiff was taking anti-depressant medication, and concluded depression symptoms imposed no more than minimal limitation on his ability to work, *i.e.* depression was not severe. (Tr. 17-18.)  This finding is supported by substantial evidence in the record, including Plaintiff's own testimony.   For example, Plaintiff did not allege a mental impairment in his application, and treating provider records did not mention depression as causing serious problems in Plaintiff's life. (Tr. 17-18.)  Plaintiff listed no limitations due to depression in his daily activities questionnaire.   (Tr. 66-72, 100.) Significantly, although Plaintiff stated at the hearing that he was taking medication and would like to go to counseling, he did not describe restrictions in his daily activities caused by depression at the hearing.   (Tr. 273-85.)  He attributed his lack of socializing and decreased recreational activities to back and leg

1  pain.  (Tr. 277, 279.)

2       It is also noted on independent review Plaintiff's testimony

3  that he had been taking anti-depression medication for "almost a

4  year" is not supported by objective medical evidence reviewed by the

5  ALJ, or by new records submitted to this court. [6] As discussed, new

6  records from Dr. Abbott show Plaintiff first complained of

7  depression in May 2007, and medication was not prescribed until July

8  2007.  Plaintiff reported medication was working well by August

9  2007, and he did not follow-up on a counseling referral.  This is

10 consistent with Plaintiff's testimony at the hearing.  Neither the

11 evidence in the record, nor Plaintiff's own subjective complaints at

12 the hearing reflect more than a minimal effect on Plaintiff's

13 ability to perform basic work activities. [7]  Therefore, the ALJ did

14 not err in finding depression was not severe.  The ALJ was not

15 obliged to consider non-severe depression in combination with

16 Plaintiff's severe back impairments at step three 20 C.F.R. §

17

18       [6]  The ALJ also found Plaintiff's subjective complaints and

19 testimony not entirely credible.  (Tr. 20.)  His credibility

20 findings, which are discussed below, are "clear and convincing" and

21 supported by substantial evidence.

22       [7]  Even if it were demonstrated through objective medical

23 evidence that depression caused more than mild limitations, the

24 duration requirement that an impairment must have lasted or expected

25 to last for a continuous period of not less than 12 months is not

26 satisfied.  20 C.F.R. § 404.1509.

27

28 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
   DENYING PLAINTIFF'S MOTION TO SUBMIT
   ADDITIONAL MEDICAL RECORDS AND GRANTING
   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

404.1526 (medical equivalence to a listed severe impairment is based on consideration of impairments of equal medical significance to the required criteria).

Plaintiff offers no evidence of more than minimal effects of self-reported depression and offers no theory why mild depression combined with low back pain would be equivalent to Listing 1.04A or any other Listing. Plaintiff's statements alone cannot establish a severe impairment at step two or disability at step three. 20 C.F.R. §§ 404.1508, .1523; *Tackett*, 180 F.3d at 1100 (mere assertion of equivalency does not meet step three burden). The record in its entirety supports the ALJ's step three findings.

**C.   Duty to Develop Record**

Plaintiff next asserts the ALJ had a duty to develop the record by obtaining (1) medical expert testimony on the equivalence issue, and (2) a consultative psychological examination. (Ct. Rec. 15 at 4-5). As a threshold to establishing an impairment, it is the claimant's responsibility to produce sufficient objective medical evidence of underlying impairment. 20 C.F.R. § 404.1512 (c). Once medical evidence is provided by the claimant, the Regulations state the agency "will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless . . . you say that your disability began less than 12 months before you filed your application." 20 C.F.R. § 404.1512 (d). An ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes*, 276 F.3d at 459-60.

1      1.   Medical Expert

2          "At all times, the burden is on claimant to establish [his]

3   entitlement to disability insurance benefits." *Tidwell v. Apfel*,

4   161 F.3d 599, 601 (9ᵗʰ Cir. 1998).  At step three, Plaintiff must

5   provide objective medical evidence to establish each criterion in

6   the Listing and present a theory of how his medically determinable

7   impairments meet or equal a specific Listing. *Tackett*, 180 F.3d at

8   1099. "The responsibility for determining medical equivalence rests

9   with the Administrative Law Judge or Appeals Council." 20 C.F.R. §

10  404.1526 (e).   The Commissioner has ruled that medical expert

11  testimony on the issue of equivalence is required only when the ALJ

12  finds the evidence suggests a "judgment of equivalence may be

13  reasonable." *SSR* 96-6p. As discussed above, the record reasonably

14  supports the ALJ's determination that Listing 1.04A is neither met

15  nor equaled.   Listing 1.04A requires evidence of "nerve root

16  compression."    A finding of equivalence must be based on

17  alternative significant medical evidence and a plausible theory.

18  Specialists and treating physicians found no evidence of nerve root

19  compression or lumbar spine abnormalities.  (Tr. 198, 213-14, 239-

20  40.)  Because there is no medical evidence in the record to

21  establish the necessary Listing criteria (including the duration

22  requirement) or equivalence, and the evidence relating to

23  Plaintiff's spine condition is neither ambiguous nor inadequate to

24  properly evaluate the evidence presented, the ALJ was not required

25  to obtain medical expert testimony.

26      2.   Consultative Examination

27

28  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
    DENYING PLAINTIFF'S MOTION TO SUBMIT
    ADDITIONAL MEDICAL RECORDS AND GRANTING
    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

1    Plaintiff asserts the ALJ should have ordered a psychological
2 examination to assess the severity of his depression. (Ct. Rec. 15
3 at 4.) Consultative exams are purchased by the Commissioner to
4 resolve conflicts or ambiguities "if one exists." 20 C.F.R. §
5 404.1519a(a)(2). As discussed above, the ALJ's duty to supplement
6 the record arises where there is ambiguity in the existing record,
7 of if what evidence does exist is inadequate for proper evaluation.
8 However, this duty arises only if the evidence already present
9 consistently favors the claimant. *Lewis v. Apfel*, 236 F.3d 503,
10 514-15 (9th Cir. 2001).

11    Here, as found by the ALJ, Plaintiff did not allege a mental
12 impairment in his application, and treating provider records did not
13 mention depression as causing serious problems in Plaintiff's life.
14 (Tr. 17-18.) As discussed above, the ALJ's findings that
15 Plaintiff's depression was non-severe are supported by substantial
16 evidence. Because the evidence before the ALJ did not favor
17 Plaintiff's claim of severe depression, and did not suggest the
18 "existence of a condition which could have a material impact on the
19 disability decision," the ALJ was not required to order a
20 consultative examination. *Hawkins v. Chater*, 113 F.3d 1162, 1167
21 (10th Cir. 1997.)

22 **D.    Credibility**

23    Plaintiff contends the ALJ erred when he rejected Plaintiff's
24 credibility solely because his subjective complaints "exceeded the
25 objective medical findings." (Ct. Rec. 15 at 4.) In assessing a
26 claimant's credibility, the ALJ must engage in a two-step analysis
27
28 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION TO SUBMIT
ADDITIONAL MEDICAL RECORDS AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

in deciding whether to give weight to subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the claimant must produce objective medical evidence of an underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986). Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. *Smolen,* 80 F.3d at 1281-82. If there is no affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting Plaintiff's pain and/or symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001); *Smolen*, 80 F.3d at 1283-84. If the ALJ's credibility findings are supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)(In reviewing a denial of benefits, the court is not the trier of fact; "credibility determinations are the province of the ALJ").

Here, after summarizing the medical record, the ALJ discussed Plaintiff's testimony, noting his statements that he was unable to work due to left arm weakness, left leg and lower back pain, and frequent headaches which lasted a day or two; that he has had headaches for over 20 years and now has a limp, with pain down his leg to his foot; that he had bad days "about three times a week," when he could only lie in bed; that he was being paid to care for his fiancé; that he cared for her children by cooking, shopping (with a child who helps lift things), and that he drives and

vacuums, helps the children with school work and attends some school activities.  (Tr. 19.)

"An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. s 423 (d)(5)(A . . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce some pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair*, 885 F.2d at 603.  As explained by the Commissioner in his policy Ruling, the ALJ need not totally reject a claimant's statements; he may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole.  *SSR* 96-7p.  "For example, an adjudicator may find credible an individual's statement as to the extent of the functional limitations or restrictions due to symptoms; *i.e.*, that the individual's abilities to lift and carry are compromised, but not to the degree alleged."  *Id.*

Lack of objective medical evidence to establish severity of pain is one factor that may be considered by the ALJ, as long as it is not the only reason.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ also may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies in his testimony or between his testimony and conduct; activities of daily living; work record; and testimony from physicians and third parties concerning the

claimant's subjective symptom complaints. *Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ found Plaintiff's complaints of pain and limitations were "excessive and not consistent with clinical evidence." (Tr. 20.) In addition to finding that objective evidence did not support the severity of Plaintiff's complaints, the ALJ properly made additional "clear and convincing" findings to support his determination. (Tr. 19-20.) He referenced observations by treating physicians of excessive pain behavior on examination, 4/5 to 5/5 measurement of strength upon physical examination of both extremities, and varying (but fairly mild) measures of decreased range of motion. (Tr. 19.) These findings are supported by treatment notes and physician reports. (Tr. 143, 151, 154, 186, 200.) The ALJ also noted that Plaintiff's treating medical providers placed him on light duty in 2005, 2006, and 2007 (Tr. 142, 200); and in 2007, examining specialists, Drs. Thut and Smith, opined Plaintiff was capable of light work. (Tr. 19-20, 242; *see infra* Section E., for discussion of Plaintiff's objections to this evaluation and work releases from treating providers.) Further, the ALJ noted Plaintiff's description of daily activities that were inconsistent with his claims of total disability, including cooking, caring for his fiancée and her children, various household chores, socializing, and fishing which he no longer did "due to lack of money." (Tr. 19.) These findings are "clear and convincing" and combined with the lack of objective medical evidence, they reasonably support the ALJ's discounting Plaintiff's subjective

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL MEDICAL RECORDS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

1  complaints.

2  **E.    Labor and Industries Related Reports**

3        Plaintiff appears to object to weight given by the ALJ to

4  "releases for employment by treating providers," and the independent

5  medical evaluation by David Thut, M.D. (orthopedic surgeon) and

6  Arthur Smith, M.D. (neurologist), dated March 10, 2007.  (Ct. Rec.

7  15 at 7-8.)  He argues these records are related to his workers

8  compensation claim and, thus, are unreliable because they "are not

9  based upon substantial evidence utilized in the Social Security

10  system," and do not "cite to the mental health condition for which

11  Plaintiff has been treated."  (Ct. Rec 15 at 7-8.)  His argument is

12  supported neither by legal authority nor facts.

13        Regarding consideration of mental health conditions by the

14  examining specialists, as discussed above, the ALJ properly found

15  there was very little mention of depression in the record and it

16  caused no more than minimal limitations on his ability to work.

17  (Tr. 18; *see supra* at page 15-16.)   Further, it is noted on

18  independent review that the disputed evaluation was conducted before

19  Plaintiff's first documented complaints and treatment of depression

20  in May-July 2007. [8]  (Ct. Rec. 16 at 68-71.)  Therefore, Plaintiff's

21  mental health condition did not appear to be an issue at the time of

22  he was evaluated by Drs. Thut and Smith.

23        The ALJ acknowledged that the independent medical evaluation

24  _____

25        [8]  Plaintiff's medication list in the record does not include

26  the "date first prescribed" for the depression medicine.  (Tr. 258.)

27

28  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
   DENYING PLAINTIFF'S MOTION TO SUBMIT
   ADDITIONAL MEDICAL RECORDS AND GRANTING
   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23

was conducted at the request of the Department of Labor and Industries "to evaluate two open claims involving an injury on May 6, 2005 of a lumbar sprain, and one involving manifestation of symptoms on June 6, 2006 of left epicondylitis with tenosynovitis." (Tr. 236.)   The Ninth Circuit has held in disability proceedings that "the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). Further, both examining physicians are specialists, and their opinions are given considerable weight about medical issues in their area of speciality. 20 C.F.R. § 404.1527(d) (5).   The examining specialists found no work restrictions related to the industrial injury or "non-industrial conditions."  (Tr. 242.)

The Plaintiff does not assert, and there is no indication in the record, that the Labor and Industries evaluation was controlling in the ALJ's final determination.   On the contrary, the ALJ discussed the Labor and Industries independent medical evaluation in his thorough summary of the entire medical record.  (Tr. 17.)  He properly considered it with medical opinions from treating doctors, agency doctors, specialists, as well as objective imaging reports, treatment notes from Plaintiff's providers, and Plaintiff's hearing testimony.   (Tr. 14-20.)   Plaintiff's argument that the ALJ's erroneously relied on medical records related to his Labor and Industries claim fails.

**CONCLUSION**

The ALJ's findings are supported reasonably by substantial

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL MEDICAL RECORDS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 24

evidence and free of legal error.  Where, as here, substantial evidence reasonably supports the Commissioner's decision, that decision must be affirmed.  Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED**

2.    Plaintiff's Motion to Submit Additional Medical Records (**Ct. Rec. 16**) is **DENIED;**

2.    Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 22)** is **GRANTED.**

3.    The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.


        DATED March 30, 2009.


                    s/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE


ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION TO SUBMIT
ADDITIONAL MEDICAL RECORDS AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 25